UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARGARET ALBRITTON                                       CIVIL ACTION

VS.                                                      NO. 2:19-CV-02375

LIFE INSURANCE COMPANY OF NORTH AMERICA

## COMPLAINT

The Complaint of Margaret Albritton respectfully alleges:

1. This is a claim for ERISA long term disability benefits and life insurance waiver of premium benefits.

2. This Court has jurisdiction and venue under 29 U.SC. Sec. 1001 et. Seq; 29 U.S.C. Sec. 1132(e)(1)(2).

3. **Plaintiff**, **Margaret Albritton**, of lawful age and a resident of Walker, Louisiana, is a plan participant and beneficiary of an ERISA plan created by her employer, Chicago Bridge & Iron ("CB & I") and an insured participant of a group disability policy and a group life insurance policy issued by Life Insurance Company of North America.

4. **Defendant, Life Insurance Company of North America ("LINA")**, is a foreign corporation, domiciled in Pennsylvania. Its principal place of business is located and incorporated in Pennsylvania, and it is authorized and doing business in Louisiana.

5. LINA issued a group disability and a group life insurance policy, insuring the employees of Chicago Bridge & Iron. The Plan granted the administrator, CB & I, the right and authority to control and manage the operation and administration of the Plans. Plaintiff is a beneficiary and insured under the policies.

6. ERISA mandates that all plan administrators discharge their duties in the interest of plan participants and beneficiaries.  29 USC Sec. 1104(a)(1).

7. Plaintiff filed a claim for disability and waiver of premium benefits with the Plan because her medical condition precluded her from continuing to perform the duties of her job on a fulltime basis.

8. Plaintiff is disabled under the terms of the disability policy and life insurance policies issued by LINA.

9. Plaintiff has been determined to be disabled by the Social Security Administration and is receiving Social Security disability benefits.

10. LINA unlawfully denied Plaintiff benefits she is entitled to under terms of the disability and life insurance policies.

11. Plaintiff appealed the denials, but LINA upheld its previous decision.

12. LINA's denials are based on insubstantial evidence and are arbitrary and an abuse of discretion.

13. Plaintiff has exhausted her administrative remedies and now files this suit to reverse LINA's denial of benefits.

14. LINA has abused its discretion as plan administrator by denying Plaintiff's claim for disability benefits in bad faith.

15. LINA has abused its discretion by failing to consider the disabling, synergistic effect of all of Plaintiff's medical conditions.

16. LINA has abused its discretion by failing to consider her medical condition in relation to the actual duties of her occupation or the duties of a suitable alternative occupation.

17. LINA administered Plaintiff's claim with an inherent and structural conflict of interest as LINA is liable to pay benefits from its own assets to Plaintiff, and each payment depletes LINA's assets.

18. LINA has failed to give the policy and Plan a uniform construction and interpretation.

19. LINA chooses to conduct reviews of denied claims in order to maintain strict control over its risk of loss and to maintain higher profit margins than if a financially independent third party decided the appeals.

20. As a routine business practice, LINA uses the appeals process to support initial benefit denials rather than to review impartially whether it should reverse appealed denials.

21. Plaintiff has been denied the benefits due to her under the Plan, has suffered, and is continuing to suffer economic loss as a result.

22. Plaintiff is entitled to an award of interest on all money that Defendants should have paid to Plaintiff.

23. Defendants' denial has required Plaintiff to hire attorneys to represent her in this matter to recover benefits due to her under the Plan.

**WHEREFORE**, Plaintiff prays for judgment against each Defendant as follows:

1. For all benefits due Plaintiff in the past and future under the Plan, plus pre- and post-judgment interest;
2. For all reasonable attorney fees;
3. For costs of suit; and

4. For all other relief as the facts and law may provide.

                      Respectfully submitted,

                      /s/ Reagan Toledano
                      Willeford & Toledano
                      Reagan L. Toledano (La. 29687)(T.A.)
                      James F. Willeford (La. 13485)
                      201 St. Charles Avenue, Suite 4208
                      New Orleans, Louisiana 70170
                      (504) 582-1286; (f) (313)692-5927
                      rtoledano@willefordlaw.com